ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR, and
ERIC TAYLOR as Next Friend for
ERIC TAYLOR, JR.
                          Plaintiffs,

CASE NO. 01-72626
HON: GEORGE CARAM STEEH
MAGIS DONALD SCHEER

V.

CITY OF DETROIT, a Municipal Corporation,
DETROIT POLICE LIEUTENANT PETERSON,
in his Individual and Official Capacity,
DETROIT POLICE OFFICER TAGGERT,
in his Individual and Official Capacity, DETROIT POLICE OFFICER
JOHN ROE, in his Individual and Official Capacity,
,

                          Defendants,

                                                          /

| | |
|---|---|
| DAVID A. ROBINSON P38754<br>*ROBINSON RUSSELL, P.C.*<br>ATTORNEYS FOR PLAINTIFF<br>28145 Greenfield, Suite 100<br>Southfield, MI 48076<br>(248) 423-7234 | LESLIE COOPER P30857<br>Attorney for Defendant City and Lt. Peterson<br>1650 First National Building<br>Detroit, MI 48226<br>(313) 237-3019 |
| CORNELIUS PITTS P18930<br>CO-COUNSEL FOR PLAINTIFFS<br>3650 Penobscot Building<br>Detroit, MI 48226<br>(313) 964-0066 | DARICE E. WEBER P52084<br>*LEWIS & MUNDAY, P.C.*<br>1300 First National Building<br>Detroit, MI 48226<br>(313) 961-2550 |

                                                          /

## PLAINTIFF'S MOTION TO ENFORCE COURT ORDER FOR DISCOVERY ENTERED OCTOBER 18, 2001 AND ORDER SANCTIONS UNDER FRCP 37 FOR FAILURE TO PROVIDE DISCOVERY PURSUANT TO RULE 26

1. Plaintiff filed the instant complaint July 2, 2001. His complaint alleged federal



questions under 42 USC § 1983. The defendants were served with the plaintiff's complaint and sought removal under 28 USC 1446 July 19, 2001.

2. On or about July 25, 2001, Plaintiff served defendants with his combined discovery request which included interrogatories, request for production of documents and request to admit, affirmative defense interrogatories and expert witness interrogatories **[See exhibit 1]**.

3. No response to Plaintiff's discovery was received forcing Plaintiff to file a motion to compel September 18, 2001.

4. A hearing was held October 11, 2001. The court issued an Order granting in part Plaintiff's requested relief requiring the defendants to answer plaintiff's outstanding discovery according to the court rules within 30 days from the hearing date **[See exhibit 2]**.

5. On or about November 16, 2001, Plaintiff received incomplete responses and multiple objections. The objections are deemed waived since the Court ordered the responses to comply with the court rules, which required timely objections. The response and objections were untimely. Further, the court rules required the responses to be answered separately and fully, which they were not **[See exhibit 3]**.

6. After a prior hearing, which this court dismissed for failure to receive from the parties a statement of unresolved issues, on or about March 7, 2002, counsel met for a Rule 26 discovery conference. In that meeting it was agreed, short of objection, that certain voluntary discovery would be had. **Attached as exhibit 4** is a letter to defense counsel which memorialized the meeting. No objections were received, but neither have the Defendants complied with voluntary production of the requested documents.

7. In this instance the attempted document disclosure agreement has failed and that which

2

was memorialized by agreement. In that light Plaintiff seeks relief under the provisions at FRCP

37. Upon the failure of a party to comply with a court order sanctions may be appropriate. The

Plaintiff seeks of this court to deem all request to admit admitted, to order that the objections are

deemed waived and that the defendant be ordered to produce all documents requested in his

request for production and provide to Plaintiff answers to his affirmative defense and expert

interrogatories within 10 days of this hearing.

      8. Plaintiff has called on defense counsel in order to seek concurrence with this motion.

      WHEREFORE the Plaintiff respectfully request that his motion be granted and order

sanctions which are appropriate.


                                    Respectfully Submitted,


                                      DAVID A. ROBINSON   P 3 8 7 5 4
                                      *ROBINSON RUSSELL, P.C.*
                                      Attorneys for Plaintiff
                                      28145 Greenfield, Rd., Ste. 100
                                      Southfield, Michigan 48076
                                      (248) 423-7234
Dated: June 12, 2002

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR, and
ERIC TAYLOR as Next Friend for
ERIC TAYLOR, JR.

              Plaintiffs,

CASE NO. 01-72626
HON: GEORGE CARAM STEEH
MAGIS DONALD SCHEER

V.

CITY OF DETROIT, a Municipal Corporation,
DETROIT POLICE LIEUTENANT PETERSON,
in his Individual and Official Capacity,
DETROIT POLICE OFFICER TAGGERT,
in his Individual and Official Capacity, DETROIT POLICE OFFICER
JOHN ROE, in his Individual and Official Capacity,

,

              Defendants,

_____/

| | |
|---|---|
| **DAVID A. ROBINSON P38754** | **LESLIE COOPER P30857** |
| *ROBINSON RUSSELL, P.C.* | Attorney for Defendant City and Lt. Peterson |
| ATTORNEYS FOR PLAINTIFF | 1650 First National Building |
| 28145 Greenfield, Suite 100 | Detroit, MI 48226 |
| Southfield, MI 48076 | (313) 237-3019 |
| (248) 423-7234 | |
| | |
| **CORNELIUS PITTS P18930** | **DARICE E. WEBER P52084** |
| CO-COUNSEL FOR PLAINTIFFS | *LEWIS & MUNDAY, P.C.* |
| 3650 Penobscot Building | 1300 First National Building |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 964-0066 | (313) 961-2550 |

_____/

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO ENFORCE COURT ORDER FOR
## DISCOVERY ENTERED OCTOBER 18, 2001 AND ORDER

## SANCTIONS UNDER FRCP 37 FOR FAILURE TO
## PROVIDE DISCOVERY PURSUANT TO RULE 26

### *INTRODUCTION*

This case is one among many where citizens are routinely arrested and/or imprisoned without probable or proper cause in violation of the United States Constitution. These citizens, including the instant Plaintiff, are persons the homicide crew **Squad 7** believes has information regarding homicides which occur in the City of Detroit. These citizens may be dubbed "suspects" but the motive is to sweat the person for information when they are collateral to the main true suspect. In this case the true suspect was Louis Sock, the boyfriend of the deceased, Tracey Minnella. The instant Plaintiff was not considered a suspect, but simply was thought to hold information on the death of Ms. Minella. Squad 7 scheme was to bend the Constitutional rights of the Plaintiff to obtain evidence from him in the case against Mr. Sock.

The typical situation is one where a death occurs and Squad 7 will order the person arrested and taken down to the Detroit homicide section where they are interrogated and held for days. They are placed on the 9th floor detention on restrictions where they can not have visits or make calls. The instant defendants are part of this unconstitutional routine. As a further scheme Squad 7 would arrest a person, interrogate the person for several days, and release the person knowing of the existence of an unrelated warrant on an unrelated charge. The person would purposely not be processed on the unrelated warrant in order that Squad 7 would have an excuse to make a second arrest on the warrant. In each case the interrogation of the person is on the subject of the homicide, not the outstanding warrant. The validity of the warrant or the arrest on the warrant is vitiated by the

5

pretextural character of the arrest on the warrant. Only after this subsequent arrest and interrogation would the agency holding the warrant be notified that Detroit was holding the person. This scheme was designed to give Squad 7 a second bite at the apple and allow the defendants to sweat and extort information in order to solve a case. The scheme was also done in order to develop probable cause against one they thought was a suspect while the person was in custody, which is contrary to law at Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661 (1991).

The defendant City of Detroit is currently being sued in a multitude of suits by unrelated plaintiffs all of whom are alleging the same unconstitutional conduct by Squad 7. This abuse of the legal process is a parcel of the Plaintiff's complaint.

### STATEMENT OF FACTS

On August 17, 1999, the Plaintiff was arrested at his house at 18950 Pelkey in the City of Detroit [See exhibit 5]. The arrest was for Possession with Intent to Deliver Marijuana. The arrest was based on the execution of a search warrant [See exhibit 6]. The things to be seized according to the search warrant were things related to the death of Tracy Minnella. There was no mention of any type of illegal drugs or drug related materials. The return to search warrant listed the items seized. Nothing seized related to the homicide of Tracey Minnella or the suspect "Louis Sock."[ See exhibit 7].

The Plaintiff was taken to police headquarters and interrogated on August 18, 1999. While the arrest was for marijuana, the Plaintiff was interrogated about the death of Tracey Minnella and her boyfriend Louis Sock. [See exhibit 8]. The Plaintiff knew both the deceased and the suspect, Mr.

6

Sock[1]. It was this relationship defendant Peterson sought to exploit with the Plaintiff in order to sweat him to gain inculpatory information in his investigation of Mr. Sock. The Plaintiff was released from custody and not processed on the marijuana arrest. The August 17, 1999, arrest was pretextural for the purpose of forcing the plaintiff to testify falsely in Peterson's case against Sock. Peterson did this by threat, intimidation and coercion.

Several weeks after the first arrest defendant Peterson visited the Plaintiff to continue to force him to testify wrongly against the suspect, Sock. Plaintiff refused. About one month later Peterson returned with a subpoena in the Sock matter. Plaintiff called on his lawyer, Mr. Pitts, to complain about Peterson's conduct. Plaintiff did not answer the subpoena. Almost one year later Plaintiff received a letter from Peterson notifying him there was a warrant for his arrest on the original marijuana seizure. Nearly a year passed. With his lawyer, the Plaintiff turned himself in on the old case. Plaintiff maintains Peterson threatened him that if he did not testify adversely against Sock, the old marijuana arrest would resurface. In June of 2002, Peterson had obtained a "not in custody" warrant for the August 17, 1999, seizure. While the criminal case was pending Plaintiff was again arrested, this time with his infant son, by defendant Taggert[2]. Taggert made reference to the testimony Plaintiff refused to give against Sock Both the Plaintiff were held down at homicide for six or more hours he and his infant son were mug shot [See exhibit 9]. Again, the only questions asked were about the murder of Tracey Minnella. Plaintiff's criminal attorney filed a motion to quash the search warrant and suppress evidence of the marijuana arguing the warrant was improper.

---

[1] Plaintiff knew Mr. Sock as a child and later did handy work and other miscellaneous things for Mr. Sock.

[2] Taggert is unserved, but worked on Peterson's crew.

7

### *DISCUSSION*

Plaintiff's complaint alleges a cause of action under 42 USC §1983 against the City of Detroit and individual constitutional claims against the officers. Specifically the Plaintiff alleges the City as a pattern and practice abuses the legal process by methods of arrest and detention which have the impact of depriving persons, and the plaintiff in particular, of substantive rights for the purpose of extorting information in a criminal investigation. Further, that discovery of homicide files, in particular those listed in plaintiff's discovery, would reveal this pattern and practice and deliberate indifference to citizens and the plaintiff in particular which was the moving force to cause the unlawful conduct to the plaintiff following his arrest on August 17, 1999.

On March 21, 2001, former Detroit Police Chief Benny Napoleon was quoted in the Detroit Free Press as stating witnesses to murders are routinely arrested like suspects and taken to headquarters against their will for questioning. It's the department's long standing, written policy. Napoleon said the policy lets investigators interview witnesses away from sometimes chaotic crime scenes. But he indicated it may be changed if a review finds problems with legality **[SEE EXHIBIT 10]**.

Sergeant Reginald Harvel, now retired, worked at the Detroit Police Homicide section for 15 years. On March 29, 2001, Harvel was also quoted in the Detroit Free Press: "Everybody that's arrested for murder isn't necessarily arrested because they're suspected of committing a murder." "We...do what we have to do in order to get to the bottom of an investigation" **[SEE EXHIBIT 11]**. Harvel gave this testimony in the case of Janetta Toles v. City of Detroit, et al., 97-728201-NI June 22, 1998 **[SEE EXHIBIT 12]**. In the same civil trial Sergeant Ike Smith, a homicide officer for 24 years, testified similarly. Smith was also quoted in the same Free Press article as follows: "detaining

8

witnesses is an investigative tool" [SEE EXHIBIT 12].

Following the news report Harvel and Smith were transferred by Chief Napoleon out of their longstanding positions at Homicide. Both officers complained that their testimony in court was true and they should not have been punished for being honest. On June 12, 2001, Harvel and Smith filed a "Whistle Blowers" complaint which was signed by them as Verified [SEE EXHIBIT 13]. In the complaint each officer verified the policy of the Detroit Police Homicide section: "there is a procedure in the Detroit Police Department for taking into custody people that are not suspected of homicide, but you believe may have information" [SEE EXHIBIT 13].

The Detroit Police Homicide section has had a long standing policy of arresting persons without probable cause in order to interrogate persons to extort from them any information they held, or were thought to hold, in a murder investigation. The nature of the practice was systemic to the homicide section and violated the Constitutional rights of the citizens. The practice was widespread and resulted in unconstitutional detentions in some cases for days or even weeks. The practice became known as "sweating hostages."

The practice of these constitutional deprivations has come to the attention of the United States Department of Justice. According to news reports that office commenced and continues to investigate the civil rights implications of the alleged practice for a pattern and practice violation.

Attached as EXHIBITS 14 and 15 are Affidavits of two former Detroit Homicide officers, Sergeant Kenneth Day and Gilbert McReynolds. These Affidavits are testimonials to the unconstitutional pattern and practice of the Detroit Homicide section and are proof of homicide officers illegal detentions and arrest of people and of the instant Plaintiff.

9

### *PLAINTIFF'S CHALLENGES TO THE DISCOVERY PROVIDED BY DEFENDANT*

Plaintiff's Interrogatories:

Interrogatory 8 seeks information concerning disciplinary proceedings. The defendants object as to relevancy and privilege.

Interrogatory 9 seeks information concerning personnel records. The defendants object as to relevancy, privilege and privacy.

Interrogatory 10 seeks information concerning previous lawsuits. The defendants object as to privilege, privacy and over breath.

Interrogatory 11 seeks information concerning written procedure on securing witnesses for questioning which goes to the heart of Plaintiff's claims. The defendants object as to relevancy and privilege.

Interrogatory 16 seeks information concerning garrity statements. The defendants object as to relevancy and privilege.

Plaintiff's Request for Production:

1. Complete copy of the homicide file which the Plaintiff was questioned on. This person is Tracey Minnella. The defendants have not provided anything to date. They assert they will provide non-privilege portions and assert the objection of privilege.

2. All PCRs and activity logs concerning the arrest of the Plaintiff. They assert they will provide non-privilege portions and assert the objection of privilege. The defendants have not provided the arrest report by Taggert of the Plaintiff and his son.

8. Homicide Standard Operating Procedures. They assert they will provide non-privilege portions and assert the objection of privilege.

10

9. Miscellaneous file in the death of persons the Plaintiff was questioned on. The defendants have not provided anything to date. They assert they will provide non-privilege portions and assert the objection of privilege.

10. All blotter entries for the 9th floor. The defendants have not provided anything to date.

11. Homicide files for all persons listed in 11. These were other witnesses who had been wrongfully arrested. The defendants object due to privilege.

12. Specific homicide files. The defendants object due to privilege.

Plaintiff's Request to Admit:

The admission responses were too late and not in accordance with this Court's order. Therefore, each should be deemed admitted.

### *ARGUMENT*

The records provided by the defendants are deliberately incomplete so as to avoid admission of the wrongful detentions. In order for Plaintiff to sustain his proof in his claims he seeks the complete records, not those the defendants dole out.

FRCP 26(b) states: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The court is permitted to order traditionally broad discovery.

FRCP 37 states: If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to

11

provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just.....(A) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

WHEREFORE the Plaintiff respectfully request that his motion be granted and order sanctions which are appropriate.

Respectfully Submitted,

DAVID A. ROBINSON       P 3 8 7 5 4
*ROBINSON RUSSELL, P.C.*
Attorneys for Plaintiff
28145 Greenfield, Rd., Ste. 100
Southfield, Michigan 48076
(248) 423-7234

Dated: June 12, 2002
O:\WPFILES\CIVIL\taylor\taylor renewed MOTIONTOENFORCEORDEROFDISCOVERY.wpd

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR, and
ERIC TAYLOR as Next Friend for
ERIC TAYLOR, JR.
                  Plaintiffs,

CASE NO. 01-72626
HON: GEORGE CARAM STEEH
MAGIS DONALD SCHEER

V.

CITY OF DETROIT, a Municipal Corporation,
DETROIT POLICE LIEUTENANT PETERSON,
in his Individual and Official Capacity,
DETROIT POLICE OFFICER TAGGERT,
in his Individual and Official Capacity, DETROIT POLICE OFFICER
JOHN ROE, in his Individual and Official Capacity,
,

                  Defendants,

                              /

| | |
|---|---|
| **DAVID A. ROBINSON P38754**<br>***ROBINSON RUSSELL, P.C.***<br>ATTORNEYS FOR PLAINTIFF<br>28145 Greenfield, Suite 100<br>Southfield, MI 48076<br>(248) 423-7234 | **LESLIE COOPER P30857**<br>Attorney for Defendant City and Lt. Peterson<br>1650 First National Building<br>Detroit, MI 48226<br>(313) 237-3019 |
| **CORNELIUS PITTS P18930**<br>CO-COUNSEL FOR PLAINTIFFS<br>3650 Penobscot Building<br>Detroit, MI 48226<br>(313) 964-0066 | **DARICE E. WEBER P52084**<br>***LEWIS & MUNDAY, P.C.***<br>1300 First National Building<br>Detroit, MI 48226<br>(313) 961-2550 |

                              /

## <u>NOTICE OF HEARING</u>

To:    All Counsel of Record

      PLEASE TAKE NOTICE that Plaintiff's Motion to Enforce Court Order for Discovery

Entered October 18, 2001 and Order Sanctions Under FRCP 37 for Failure to Provide Discovery

Pursuant to Rule 26 shall be heard before the Honorable George Caram Steeh at a date and time to

be set by the court.

Respectfully Submitted,

David A. Robinson /km

**DAVID A. ROBINSON (P38754)**
Russell Robinson, P.C.
Attorney for Plaintiff
28145 Greenfield Road
Southfield, Michigan 48076
(248) 423-7234

Dated: June 12, 2002

H:\robinson\taylor\notice of hearing.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED