UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as Next Friend for ERIC TAYLOR, Jr.,

Plaintiffs,

vs.

Case No. 01-72626
Hon. George Caram Steeh
Magistrate Judge Scheer

CITY OF DETROIT, a Municipal Corporation, DETROIT POLICE LIEUTENANT PETERSEN, in his individual and Official Capacity, DETROIT POLICE OFFICER TAGGERT, in his individual and Official Capacity, DETROIT POLICE OFFICER JOHN ROE, in his individual and OFFICIAL CAPACITY,

Defendants.




DAVID A. ROBINSON P38754
ROBINSON RUSSELL, P.C.
Attorneys for Plaintiffs
28145 Greenfield, Suite 100
Southfield, MI 48076
(248) 423-7234

CORNELIUS PITTS P18930
Co-Counsel for Plaintiffs
3650 Penobscot Building
Detroit, MI 48226
(313) 964-0066

DAVID N. ZACKS (P34192)
DARICE E. WEBER (P52084)
Lewis & Munday, P.C.
Attorneys for Defendant
Lieutenant Petersen
1300 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 961-2550

LESLIE D. COOPER P30857
Attorney for Defendant City
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226
(313) 237-3019

## NOTICE OF HEARING



A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

To: Clerk of the Court
David A. Robinson, Esq.
Cornelius Pitts, Esq.
Leslie D. Cooper, Esq.

**PLEASE TAKE NOTICE** that Defendant Petersen's Motion for Summary Judgment will be brought on for hearing before the Honorable George Caram Steeh at a date and time to be determined by the Court.

LEWIS & MUNDAY

A Professional Corporation

By: Darice E. Weber
David N. Zacks (P34192)
Darice E. Weber (P52084)
Attorneys for Def. Petersen
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

Dated: June 17, 2002
1998070.0052/348207

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as Next Friend for ERIC TAYLOR, Jr.,

Plaintiffs,

vs.

Case No. 01-72626
Hon. George Caram Steeh
Magistrate Judge Scheer

CITY OF DETROIT, a Municipal Corporation, DETROIT POLICE LIEUTENANT PETERSEN, in his individual and Official Capacity, DETROIT POLICE OFFICER TAGGERT, in his individual and Official Capacity, DETROIT POLICE OFFICER JOHN ROE, in his individual and OFFICIAL CAPACITY,

Defendants.

FILED
'02 JUN 17 P4 :41
U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT

______________________________________/

DAVID A. ROBINSON P38754
ROBINSON RUSSELL, P.C.
Attorneys for Plaintiffs
28145 Greenfield, Suite 100
Southfield, MI 48076
(248) 423-7234

CORNELIUS PITTS P18930
Co-Counsel for Plaintiffs
3650 Penobscot Building
Detroit, MI 48226
(313) 964-0066

DAVID N. ZACKS (P34192)
DARICE E. WEBER (P52084)
Lewis & Munday, P.C.
Attorneys for Defendant
Lieutenant Petersen
1300 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 961-2550

LESLIE D. COOPER P30857
Attorney for Defendant City
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226
(313) 237-3019

______________________________________/

**LT. PETERSEN'S MOTION FOR SUMMARY JUDGMENT**

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

Lt. Petersen, by his attorneys, Lewis & Munday, P.C., moves this Court for an order granting summary judgment of plaintiffs' claims against Lt. Petersen pursuant to Fed.R.Civ.P. 56 because it is undisputed that plaintiff was arrested on August 17, 1999 after Lt. Petersen observed plaintiff tending to his marijuana plants in plain view, that he was arrested on June 7, 2000, pursuant to a valid arrest warrant and that Lt. Petersen was not involved in the June 7, 2000 arrest of plaintiff or any alleged third arrest or detention. Lt. Petersen states the following in support of his motion:

1. This case arises out of the arrest of plaintiff on August 17, 1999 while plaintiff was tending to his marijuana plants in plain view in his backyard when Lt. Petersen arrived to execute a valid search warrant for plaintiff's house and plaintiff's subsequent June 7, 2000 arrest pursuant to a valid arrest warrant. Plaintiff now alleges, *inter alia*, false arrest and imprisonment, assault and battery, and violation of his constitutional rights arising out of those lawful arrests.

3. It is undisputed that plaintiff was tending to his marijuana plants in plain view when Lt. Petersen arrived to execute the valid search warrant.

4. It is undisputed that plaintiff has already unsuccessfully challenged the validity of the search warrant in the criminal action arising out of his arrest (See transcript denying plaintiffs' motion to suppress in the criminal case, attached as Exhibit A.)

5. It is undisputed that narcotics officers began preparing a request for a warrant shortly after plaintiff's arrest on August 17, 1999. (See Investigator's Report, attached as Exhibit B.)

A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

6. It is undisputed that plaintiff was released approximately twenty-four hours after his arrest when narcotics officers decided to pursue a not-in-custody warrant.

7. It is undisputed that on April 27, 2000, narcotics officers obtained a warrant for plaintiff's arrest for delivery/manufacture of five to forty-five kilograms of marijuana. (See Warrant attached as Exhibit C.)

8. It is undisputed that on June 7, 2000, plaintiff was arrested on the warrant. (See arrest card attached as Exhibit D.). Lt. Petersen did not arrest plaintiff and was not involved in his arrest.

9. It is undisputed that on November 14, 2000, plaintiff pled guilty to the manufacture of less than twenty marijuana plants (See Plea transcript, attached as Exhibit E.) Plaintiff was sentenced to eighteen months probation.

10. Plaintiffs' claims against Lt. Petersen arising out of the August 17, 1999 arrest are barred by the undisputed existence of probable cause to arrest plaintiff for violation of the controlled substances act.

11. Plaintiffs' claims against Lt. Petersen arising out of the June 7, 2000 arrest are barred by the existence of an arrest warrant for plaintiff's arrest. (See Warrant attached as Exhibit C.)

12. Additionally, plaintiffs' claims against Lt. Petersen arising out of the June 7, 2000 arrest necessarily fail because Lt. Petersen neither directed nor was involved in that arrest. (See Affidavit of Lt. Petersen, attached as Exhibit F.)

13. Although plaintiffs' Complaint also alleges that plaintiff and his young son were detained or arrested a third time by defendant "Taggert" on an

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

unknown date, plaintiff does not make any allegations with respect to Lt. Petersen regarding this alleged third arrest. Furthermore, Lt. Petersen's Affidavit establishes, and plaintiffs have no evidence to refute, that Lt. Petersen was transferred to the Twelfth Precinct in June 2000 and had nothing to do with any alleged "third" arrest of plaintiff. (See Affidavit of Lt. Petersen, attached as Exhibit F.)

14. Accordingly, plaintiffs cannot establish any constitutional violations, much less any violations caused by or attributable to Lt. Petersen.

15. Even assuming a constitutional violation could be found, plaintiffs' claims against Lt. Petersen are also barred by the qualified immunity doctrine because plaintiffs cannot show that no reasonably competent officer would have believed he could arrest plaintiff based on plaintiff's actions in tending to the marijuana in plain view or question plaintiff while the narcotics officers were preparing a request for a warrant.

16. Plaintiffs' state law claims are also barred by the undisputed facts, which establish probable cause for plaintiffs' arrest and bar any claim for false arrest, false imprisonment, malicious prosecution, or intentional infliction of emotional distress. Nor can plaintiffs show any act in the use of process that was improper, much less any corroborating act demonstrating an ulterior purpose, thus barring plaintiffs' abuse of process claim.

17. Defense counsel sought concurrence in this motion, but concurrence has been denied. (See June 12, 2002 correspondence attached as Exhibit G.) Counsel for the City of Detroit concurs in the relief requested.

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

WHEREFORE, Lt. Petersen respectfully requests that this Court grant Lt. Petersen's motion for summary judgment and dismiss plaintiffs' complaint in its entirety with prejudice and award costs and attorney fees to Lt. Petersen given the frivolous nature of plaintiffs' claims, as evidenced by the contradictions between the allegations in plaintiffs' complaint and his prior guilty plea.

LEWIS & MUNDAY
A Professional Corporation

By: Darice E. Weber
David N. Zacks (P34192)
Darice E. Weber (P52084)
Attorneys for Defendant Petersen
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

Dated: June 17, 2002
1998070.0052/348207

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as Next Friend for ERIC TAYLOR, Jr.,

Plaintiffs,

vs.

Case No. 01-72626
Hon. George Caram Steeh
Magistrate Judge Scheer

CITY OF DETROIT, a Municipal Corporation, DETROIT POLICE LIEUTENANT PETERSEN, in his individual and Official Capacity, DETROIT POLICE OFFICER TAGGERT, in his individual and Official Capacity, DETROIT POLICE OFFICER JOHN ROE, in his individual and OFFICIAL CAPACITY,

Defendants.

FILED '02 JUN 17 P4:41 U.S. DIST. COURT CLERK EAST DIST. MICH DETROIT

DAVID A. ROBINSON P38754
ROBINSON RUSSELL, P.C.
Attorneys for Plaintiffs
28145 Greenfield, Suite 100
Southfield, MI 48076
(248) 423-7234

CORNELIUS PITTS P18930
Co-Counsel for Plaintiffs
3650 Penobscot Building
Detroit, MI 48226
(313) 964-0066

DAVID N. ZACKS (P34192)
DARICE E. WEBER (P52084)
Lewis & Munday, P.C.
Attorneys for Defendant Lieutenant Petersen
1300 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 961-2550

LESLIE D. COOPER P30857
Attorney for Defendant City
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226
(313) 237-3013

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

**BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES....ii

STATEMENT OF ISSUES PRESENTED....iii

I. DEFENDANTS' JOINT STATEMENT OF FACTS....2

II. STANDARD OF REVIEW....6

IV. ARGUMENT....7

V. CONCLUSION AND RELIEF REQUESTED....20

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Creighton, 483 U.S. 635, 639 (1987)........................................17
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986)...........................4
Arkansas v. Sullivan, 532U.S. 769, 121S.Ct. 1876, 149 L.Ed.2d 994 (2001).......8
Atwater v. Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d (2001)..........8
Bonner v. Chicago Title Ins. Co., 194 Mich App 462, 472; 487 NW2d 807 (1992)..........13
Blackman v. Cooper, 89 Mich. App. 639, 643; 280 NW2d 620 (197)................12
Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ..........................................5
Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989)....6
Daughenbaugh v. Bethlehem Steel Corp., 891 F.2d 1199, 1205 (6th Cir. 1989)....5
Espinoza v. Thomas, 189 Mich App 110, 119, 472 NW2d 16 (1991)........................12
Graham v. Ford, 237 Mich App 670, 604, NW2d 713 (1999)................................13
Horton v. California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990)..........8
Hunter v. Bryant, 502 U.S. 224, 227 (1991)..............................................17
Kraver v. Bachan Aerospace Corp., 91 F.2d 151, 153-154 (6th Cir. 1990)............5
Maiden v. Rozwood, 461 Mich 109, 123 (1999)..............................................14
Matthews v Blue Cross & Blue Shield of Michigan, 456 Mich 365, 378; 572 Nw2d 603 (1998)..........12
Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 487 (1986) .....5
O'Brien v. City of Grand Rapids, 23 F.3d 990, 999 (6th Cir. 1994)..................18
Poe v. Haydon, 853 F.2d 418, 425 (6th Cir 1988)........................................18
Riverside v McLaughlin, 500 U.S. 44, 114 L.Ed.2d 49, 111 F.Ct. 1661 (1991)...10
Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478-81(6th Cir. 1989)...................5
United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973)..8
Wegener v. Covington, 933 F.2d 390, 392 (6th Cir. 1991)...........................18
Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)...8

**Statutes**

Fed. R. Civ. P. 1 ....................................................................................5
MCLA 691.1401 ......................................................................................9
MCLA 691.1407(2)...................................................................................9

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

## STATEMENT OF ISSUE PRESENTED

I. **WHETHER PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST LT. PETERSEN ARISING OUT OF THE FIRST ARREST SHOULD BE DISMISSED IN THEIR ENTIRETY WHERE PROBABLE CAUSE INDISPUTABLY EXISTED FOR PLAINTIFF'S AUGUST 17, 1999 ARREST**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

II. **WHETHER PLAINTIFF'S STATE LAW CLAIMS ARISING OUT OF THE FIRST ARREST ARE BARRED BY THE EXISTENCE OF PROBABLE CAUSE FOR PLAINTIFF'S ARREST**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

III. **WHETHER PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST LT. PETERSEN ARISING OUT OF THE SECOND ARREST SHOULD BE DISMISSED IN THEIR ENTIRETY WHERE PLAINTIFF WAS ARRESTED PURSUANT TO A VALID WARRANT ON JUNE 7, 2000 FOR A CHARGE TO WHICH PLAINTIFF SUBSEQUENTLY PLED GUILTY**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

**IV. WHETHER PLAINTIFF'S STATE LAW CLAIMS ARISING OUT OF THE SECOND ARREST ARE BARRED BY THE EXISTENCE OF A VALID WARRANT AUTHORIZING PLAINTIFF'S ARREST**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

**V. WHETHER PLAINTIFFS' CLAIMS AGAINST LT. PETERSEN ARISING OUT OF THE THIRD ARREST NECESSARILY FAIL WHERE PLAINTIFFS HAVE NOT PLED AND CANNOT PROVE THAT LT. PETERSEN HAD ANY INVOLVEMENT IN THAT ALLEGED ARREST**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

**VI. WHETHER PLAINTIFF'S CONSTITUTIONAL CLAIMS AGAINST LT. PETERSEN ARE BARRED BY THE QUALIFIED IMMUNITY DOCTRINE WHERE PLAINTIFF CANNOT SHOW THAT NO REASONABLY COMPETENT OFFICER WOULD HAVE ARRESTED PLAINTIFF WHILE HE WAS TENDING TO HIS MARIJUANA PLANTS IN PLAIN VIEW OR QUESTIONED PLAINTIFF WHILE THE NARCOTICS OFFICERS WERE PREPARING THE INVESTIGATOR'S REPORT FOR A WARRANT**

Plaintiffs answer "No"

Defendant Petersen answers "Yes"

Defendant City of Detroit answers "Yes"

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

## CONTROLLING AUTHORITY

Lt. Peterson relies on Fed.R.Civ.P. 56, Arkansas v. Sullivan, 121 S. Ct. 1876 (2001) (officer's subjective motivation is irrelevant if probable cause exists for the arrest) and Blackman v Cooper, 89 Mich App 639, 643; 280 NW2d 620 (1979) (A police officer, acting in good faith with probable cause, is not liable for false arrest or false imprisonment.)

LEWIS' & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

## I. DEFENDANTS' JOINT STATEMENT OF FACTS

This case arises out of the arrest of plaintiff on August 17, 1999, while the police were executing a valid search warrant at plaintiff's house and found plaintiff trimming several large marijuana plants in his backyard, in plain view of the officers. While investigating the murder of Tracy Minella, Lt. Petersen obtained information from an informant that the suspected (and subsequently convicted) murderer, Louis Sock, with whom plaintiff associated, had stored the decedent's body in the truck of a red Camaro before burning the body's remains. The informant advised Lt. Petersen that the Camaro was subsequently moved to 18950 Pelkey, the home of plaintiff Eric Taylor. Based on this and other information, Lt. Petersen obtained a Search Warrant for plaintiff's house. (See Search Warrant, attached as Exhibit H.)

Lt. Petersen, Special Agent Potts and several officers from the Tactical Services Squad went to plaintiff's house around 10:30 a.m. on August 17, 1999 to execute the search warrant. (See Affidavit of Lt. Petersen, attached as Exhibit F.) When Lt. Petersen arrived, he observed plaintiff in his back yard, trimming his marijuana plants. (See Affidavit of Lt. Petersen attached as Exhibit F, and photographs of the marijuana plants attached as Exhibit I.). Consequently, plaintiff was arrested and conveyed downtown and narcotics officers were notified. (See Preliminary Complaint Records prepared by Officer Richard Novakowski, attached as Exhibit J, and Preliminary Complaint Record prepared by Sgt. Andrew White, attached as Exhibit K.)

While executing the search warrant, officers found various other drug

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

paraphernalia inside plaintiff's house, including a scale trifle beam and a shotgun. (See Return to Search Warrant, attached as Exhibit L.) A preliminary analysis of the marijuana confirmed it was marijuana (See Request for Laboratory Service, attached as Exhibit M.) A subsequent laboratory analysis established the amount confiscated at 698 grams (See Laboratory Analysis, attached as Exhibit N.)

While downtown, plaintiff was given the option of answering questions from Lt. Petersen about the murder of Tracy Minella; this questioning did not affect plaintiff's status as a person arrested for narcotics. While Lt. Petersen was questioning plaintiff, narcotics officers were working on an "in-custody" warrant for plaintiff regarding the marijuana. (See Investigator's Report, attached as Exhibit B.) The next morning, Lt. Petersen obtained a statement from plaintiff regarding his knowledge of the murder. (See Statement attached as Exhibit O.)

Plaintiff admitted that he had worked on Sock's house on Hamburg to get it ready for renters and that he had smelled a decomposed body in October 1998. (See Exhibit O.) Plaintiff admitted Sock had contacted him the day before he smelled the decomposed body and asked him to help "clean up" the Hamburg house. Plaintiff admitted that a person hired to clean up the Hamburg house told him that he had seen what appeared to be bones in a garbage can. Plaintiff admitted taking part in a conversation in which Sock's cohorts said they thought Sock had killed Tracy Minella and that Sock had asked for acid and fifty-five gallon drums. (See Exhibit O.) Plaintiff admitted learning from the renters at the Hamburg house that the Camaro had been moved and another car, a gray Cadillac, had been moved out of the garage. (See Exhibit O.)

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

Because plaintiff had cooperated in providing some helpful information about the murder and because he was not a suspect in the actual murder, it was decided that plaintiff would be released pending issuance of a not-in-custody warrant for the narcotics charge. (See Affidavit of Lt. Petersen, attached as Exhibit F.) Consequently, plaintiff was released at approximately 11:30 a.m. on August 18, 1999 (See Affidavit of Lt. Petersen, attached as Exhibit F.)

On April 27, 2000, Sgt. White obtained a felony warrant for plaintiff's arrest for the delivery/manufacture of five to forty-five kilograms of marijuana. (See Warrant attached as Exhibit C.) On June 7, 2000, plaintiff was arrested and arraigned on the outstanding warrant and a $5,000 personal bond was set. (See Felony Register of Actions, attached as Exhibit P.)[1] Lt. Petersen neither arrested plaintiff nor had any involvement in his arrest at this time. (See Affidavit of Lt. Petersen, attached as Exhibit F.) Plaintiff subsequently waived the preliminary examination and was bound over to circuit court on the charge of manufacturing/delivering five to forty-five kilograms of marijuana.

On June 9, 2000, Lt. Petersen was promoted and transferred to the Twelfth Precinct. He turned the investigation into the Tracy Minella murder over to Gerald Packard and Dave Wassmund of the Violent Crimes Task Force. Lt. Petersen had no further involvement with plaintiff.

On November 14, 2000, plaintiff entered a conditional guilty plea to a

---

[1] It is unclear whether plaintiff was picked up by officers or turned himself in after being notified about the outstanding warrant. For purposes of this motion, however, this issue does not have to be resolved because it is undisputed an outstanding warrant existed for plaintiff's arrest.

reduced charge of manufacturing less than twenty plants of marijuana, a four-year felony. (See November 14, 2000 Plea Transcript, attached as Exhibit E.) Plaintiff was sentenced to eighteen months probation. Although plaintiff reserved his right to challenge the trial court's denial of his motion to suppress the evidence premised on alleged deficiencies in the search warrant and accompanying affidavit, plaintiff failed to perfect his appeal as of right.

Instead, when it became clear that his guilty plea would bar his civil action, plaintiff filed a *delayed* application for leave to appeal with the Michigan Court of Appeals on November 13, 2001, almost one year after entering his guilty plea. The delayed application was denied by the Court of Appeals for lack of merit on January 9, 2002. (See Order attached as Exhibit Q.) In a last ditch attempt to save his civil case, plaintiff filed another *delayed* application for leave to appeal with the Michigan Supreme Court on February 20, 2002. The application remains pending.

Despite his guilty plea, plaintiff has inexplicably filed suit against the City of Detroit, Lt. Petersen and others alleging false arrest and false imprisonment (count I), intentional infliction of emotional distress (count II), abuse of process (count III), malicious prosecution (count IV), harmful or offensive touching (count V), and constitutional violations (count VI) (See Complaint, attached as Exhibit R.)

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate where no genuine issue exists as to any material fact. The key inquiry on summary judgment is "[w]hether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Kraver v. Bachan Aerospace Corp., 91 F.2d 151, 153-154 (6th Cir. 1990). If the moving party demonstrates an absence of evidence supporting the non-moving party's case, the party opposing the motion must come forward with specific facts showing there is a genuine issue for trial. Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 487 (1986). To sustain this burden the non-moving party cannot rest on the mere allegations of the pleadings. Celotex, supra, at 324; Fed. R. Civ. P. 56(e). Rather, the non-moving party must come forward with specific facts to support its claims and show a genuine issue for trial. Id.

In recent years, the Supreme Court has encouraged the use of summary judgment where appropriate to ensure just, speedy and efficient determinations in each case. Celotex, supra at 327 (1986) (quoting Fed. R. Civ. P. 1); Daughenbaugh v. Bethlehem Steel Corp., 891 F.2d 1199, 1205 (6th Cir. 1989). The Sixth Circuit has recognized that the federal courts have entered a "new era" in summary judgment practice. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478-81(6th Cir. 1989). As a result, mere allegations by the non-moving party are inadequate because "[t]he

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, supra at 252; Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

## III. ARGUMENT

### A. The First Arrest

#### 1. Plaintiff's Claims Against Lt. Petersen Fail As A Matter Of Law Fail Because Probable Cause Existed for Plaintiff's Arrest After He Was Observed Tending To His Marijuana Plants

Plaintiffs' contention that Lt. Petersen violated his constitutional rights by wrongfully arresting him on August 17, 1999 "simply because of his alleged status as a witness" purposely ignores the salient fact that plaintiff was arrested while tending to his marijuana plants in plain view, thus giving Lt. Petersen probable cause to arrest plaintiff.

It is undisputed that Lt. Petersen had a valid warrant to search plaintiff's house, including the garage. (See Search Warrant attached as Exhibit H.)[2] It is also undisputed that plaintiff was trimming his marijuana plants in his backyard, scissors in hand, when Lt. Petersen and his crew arrived to execute the search warrant. (See Affidavit of Lt. Petersen, attached as Exhibit F.) Although plaintiff will contend that

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

---

[2] Plaintiff's attempt, if any, to challenge the legal sufficiency of the search warrant should be barred by the collateral estoppel doctrine where plaintiff raised and lost such a challenge to the identical warrant in his criminal case. (See Transcript of Motion Hearing, p 50, attached as Exhibit A.)

the search warrant said nothing about the marijuana, it is axiomatic that the warrant did not have to describe the marijuana because the marijuana was in plain view. Because Lt. Petersen was entitled to be where he was based on the valid search warrant, he was entitled to seize anything in plain view, including the marijuana. See, Horton v California, 496 U.S. 128, 136-137, 110 S.Ct. 2301, 2307-2308, 110 L.Ed.2d 112 (1990). Accordingly, any challenge to the scope of the warrant is meritless.

Lt. Petersen also anticipates that plaintiff will complain that he was not really arrested for the narcotics, but was arrested because Lt. Petersen wanted to talk to him about the homicide.[3] This argument also fails in light of the Supreme Court's holding in Arkansas v. Sullivan, 121 S. Ct. 1876 (2001), where the Court expressly rejected any attempt to find a constitutional violation based on an officer's subjective motivations if the officer had probable cause to arrest the subject.[4]

In Arkansas, the plaintiff was stopped for speeding and having an improperly tinted windshield. When the officer saw plaintiff's driver's license, he remembered

L , & A Y
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

[3] While plaintiff now contends he was arrested solely because he was a witness, plaintiff argued otherwise in his criminal case, contending that "the circumstances suggest that this search warrant was not being sought in good faith as part of a murder investigation, but was a pretext for a drug investigation." (See p 4 of Defendants' Reply to People's Answer to Motion to Quash Search Warrant and to Suppress Evidence, attached as Exhibit S.)

[4] Indeed, over the last thirty years, our United States Supreme Court has assessed the constitutionality of arrests made by police officers when there is a pretextual-subjective motivation steering the officers' conduct in arresting the plaintiff. Arkansas v. Sullivan, 532 U.S. 769, 121 S. Ct. 1876, 149 L. Ed. 2d 994 (2001); Atwater v. Lago Vista, 532 U.S. 318, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001); Whren v. United States, 517 U.S. 806, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996); United States v. Robinson, 414 U.S. 218, 94 S. Ct. 467, 38 L. Ed. 2d 427 (1973). The Court's rulings in those cases establish that the ulterior motives of a police officer are irrelevant so long as there is probable cause for the arrest. Id.

that plaintiff was involved in narcotics. Consequently, when the plaintiff could not produce his registration and insurance, plaintiff was arrested. The officer searched plaintiff's car and recovered various narcotic paraphernalia. Arkansas, supra, at 1877.

Plaintiff moved to suppress the seized evidence, contending that his arrest was merely a "pretext and sham to search" him and thus violated his constitutional rights. Although the trial court granted plaintiff's suppression motion and the Arkansas Supreme Court affirmed, the United States Supreme Court granted certiorari and reversed the Arkansas Supreme Court's decision. The United States Supreme Court emphasized the fact that no one questioned whether the officer could have arrested plaintiff based on probable cause. Instead, the Arkansas Supreme Court decision was premised on its belief that the officer had an improper subjective motivation for making the stop. Arkansas, at 1877.

Recognizing that the Arkansas Supreme Court's holding could not be reconciled with the United States Supreme Court's holding in Whren v Unite States, 517 U.S. 806, 116 S. Ct. 1769, 135 L.Ed.2d 89 (1996) (where the Court had held that "subjective intentions play no role in ordinary probable-cause Fourth Amendment analysis"), the Supreme Court reversed the decision of the Arkansas Supreme Court. Id., at 1878. As the United States Supreme Court observed, it has previously held that "a traffic-violation arrest . . . [will[ not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search.'" United States v Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).

L___ & N___AY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

Similarly, in the case at bar, it is undisputed that Lt. Petersen had probable cause to arrest plaintiff at the time of his arrest. Plaintiff does not and cannot dispute the fact that he was caught red-handed trimming his marijuana plants in his own backyard. Plaintiff has already pled guilty to the marijuana charge flowing from this incident, thus removing any challenge to probable cause. Consequently, as in Arkansas, Lt. Petersen had a valid basis upon which to arrest plaintiff and any alleged subjective motivation is irrelevant.

Plaintiff may also contend that Lt. Petersen violated his constitutional rights by not obtaining a warrant for the narcotics arrest immediately after his arrest. This argument fails for two reasons. First, the investigator's report indisputably establishes that the narcotics officers began working on a warrant request the same day plaintiff was arrested. (See Investigator's Report, attached as Exhibit B.) Accordingly, the Investigator's Report, on its face, dispels the notion that the officers delayed in requesting a warrant.

More importantly, plaintiff was released within twenty-four hours after his arrest. Consequently, plaintiff bears the burden of proving any unreasonable delay in obtaining a probable cause determination. Riverside v McLaughlin, 500 U.S. 44, 114 L.Ed.2d 49, 111 F.Ct. 1661 (1991). Although plaintiff will argue that the warrant was not obtained until eight months after his arrest, plaintiff cannot complain that his constitutional rights were violated in the interim because he was not in custody during that period. Instead, plaintiff was released after officers made the decision to pursue a not-in-custody warrant. Accordingly, plaintiff cannot establish any unreasonable delay in obtaining a probable cause

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

determination or any constitutional deprivation flowing from his twenty-four hour detention after an arrest based on probable cause. Consequently, plaintiff's constitutional claims, and all claims predicated on an alleged false arrest, fail as a matter of law.

**2. Plaintiffs' State Law Claims Are Barred By The Existence of Probable Cause for Plaintiff's Arrest and the Absence of Any Extreme or Outrageous Conduct or Any Improper Act in the Use of Process**

Plaintiffs' state tort claims are similarly deficient and must be summarily dismissed. A police officer, acting in good faith with probable cause, is not liable for false arrest or false imprisonment even if the arrest is subsequently found to be baseless. Blackman v Cooper, 89 Mich App 639, 643; 280 NW2d 620 (1979). Plaintiff's false arrest and imprisonment claims are clearly barred by the existence of probable cause to arrest plaintiff. Plaintiff's false imprisonment claim is also barred by the good faith actions of the narcotics officers in working on a warrant request while plaintiff was being held, and plaintiff's release approximately twenty-four hours after his arrest.

Plaintiff's malicious prosecution claim is equally specious and is barred by plaintiff's own guilty plea. A malicious prosecution claim requires both an absence of probable cause and a favorable termination of the criminal prosecution. Matthews v Blue Cross & Blue Shield of Michigan, 456 Mich 365, 378; 572 Nw2d 603 (1998). Plaintiff cannot establish either. The existence of probable cause cannot reasonably be disputed where plaintiff was arrested while trimming his marijuana plants. More

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

importantly, plaintiff's guilty plea to the charge stemming from his arrest precludes any showing of a favorable termination of the prosecution and bars any malicious prosecution claim as a matter of law. (See Exhibit E.)

Plaintiff's abuse of process claim fares no better. In order to prevail on an abuse of process claim, plaintiff must plead and prove that there was an ulterior purpose and that there was an act in the use of process that was improper in the regular prosecution of the pleading. Bonner v Chicago Title Ins. Co, 194 Mich App 462, 472; 487 NW2d 807 (1992). Plaintiff apparently claims that the ulterior purpose was to question plaintiff about the homicide while the improper act was the arrest. (See Complaint attached as Exhibit R.) Because the arrest was supported by probable cause, it cannot be deemed improper. Consequently, plaintiff's abuse of process claim arising out of the first arrest necessarily fails.

Plaintiff's assault and battery claims, ostensibly premised on "threats and intimidation," is equally specious. An assault is "any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." Espinoza v Thomas, 189 Mich App 110, 119, 472 N.W.2d 16 (1991). A battery is "the willful and harmful or offensive touching of another person which results from an act intended to cause such contact." Id. Plaintiff has not alleged and cannot prove facts supporting either an assault or a battery.

Plaintiffs' intentional infliction of emotional distress claim should also be summarily dismissed. In order to prevail on such a claim, plaintiff must plead and

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

prove (i) extreme and outrageous conduct; (ii) intent or recklessness; (iii) causation; and (iv) severe emotional distress. Graham v Ford, 237 Mich App 670, 604 NW2d 713 (1999). Liability exists "only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Graham, supra, at 674. Even accepting plaintiff's contentions as true for purposes of this motion, all plaintiff can show is that Lt. Petersen arrested plaintiff based on probable cause to believe plaintiff was manufacturing or delivering an excessive amount of marijuana and because he wanted to question him about the murder of Tracy Minella. Such conduct cannot rise to the level of "extreme and outrageous" conduct. Plaintiffs' claim for intentional infliction of emotional distress should be summarily dismissed.

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

Plaintiff's state tort law claims against Lt. Petersen are also barred by the Governmental Tort Liability Act, MCLA 691.1401 et seq, which provides immunity from tort liability to certain categories of individuals who are engaged in the discharge of governmental functions. Under MCLA 691.1407(2), police officers are immune from tort liability if:

(1) they are acting or reasonably believe they are acting within the scope of their authority;

(2) they are engaged in the discharge of a governmental function; and

(3) their conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

It is undisputed that Lt. Petersen was acting within the scope of his authority

and engaged in the discharge of a governmental function. Consequently, he is entitled to immunity unless plaintiff can prove gross negligence. To prove gross negligence, "a plaintiff must adduce proof of conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. Maiden v Rozwood, 461 Mich 109, 123 (1999); MCL 691.1407(2). The plain language of the statute indicates that the Michigan legislature intended to limit police officer liability "to situations where the contested conduct was substantially more than negligence." Maiden, supra, at 122. Given the existence of probable cause for plaintiff's arrest, plaintiff cannot show the requisite "substantial lack of concern for whether an injury would result. Consequently, plaintiff's state law tort claims should also be barred by the governmental tort liability act.

L ,& Y
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

## B. The Second Arrest

### 1. Plaintiff's Constitutional Claims Arising Out Of His June 7, 2000 Arrest Are Barred By The Existence of A Valid Arrest Warrant And His Subsequent Guilty Plea

Plaintiff's claim that his constitutional rights were violated when he was arrested on June 7, 2000 is easily dismissed. Plaintiff was arrested pursuant to a valid warrant obtained on April 27, 2000 for the controlled substance violation. (See Warrant attached as Exhibit C.) Plaintiff was immediately arraigned and released on personal bond that same day. (See Register of Actions attached as Exhibit P.) Accordingly, plaintiff cannot establish any constitutional violation arising out of his June 7, 2000 arrest.

Plaintiff's claims against Lt. Petersen arising out of the June 7, 2000 arrest

also fail because plaintiff cannot show that Lt. Petersen arrested or directed the arrest of plaintiff. Plaintiff was arrested based on the narcotics warrant. Lt. Petersen did not obtain the warrant and did not arrest plaintiff on the warrant. (See Affidavit of Lt. Petersen, attached as Exhibit F.) Consequently, even if plaintiff could show that he was wrongfully arrested, a showing plaintiff cannot make, plaintiff cannot link the arrest to Lt. Petersen and his claims against Lt. Petersen must be summarily dismissed.

### 2. Plaintiffs' State Law Claims Are Barred By The Valid <u>Warrant and Plaintiff's Subsequent Guilty Plea</u>

Plaintiffs' state law claims, if any, predicated on this June 7, 2000 arrest suffer from the same deficiencies and must also be dismissed. Initially, plaintiff's claims against Lt. Petersen with respect to the second arrest fail because plaintiff cannot show that Lt. Petersen arrested plaintiff or ordered his arrest on June 7, 2000. (See Affidavit attached as Exhibit F.) Absent such a showing, plaintiff cannot prove any claim against Lt. Petersen arising out of the second arrest.

Moreover, the existence of the warrant, the immediate arraignment, the release on bond, and the subsequent guilty plea bar all claims for false arrest, false imprisonment, malicious prosecution, and abuse of process, while plaintiff's assault and battery and intentional infliction of emotional distress claims are equally without merit. Plaintiff has not alleged that he was assaulted by Lt. Petersen at this time; in fact, he had no contact with Lt. Petersen at the time of his second arrest. (See Affidavit attached as Exhibit F.) While plaintiff alleges he was "threatened" with

L , & Y
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

arrest, Lt. Petersen's affidavit expressly refutes this allegation.

More importantly for purposes of this motion, however, a threat by a police officer to lawfully arrest someone cannot constitute an assault and battery. Plaintiff does not allege that he was threatened with an unlawful arrest; he simply alleges he was threatened with arrest and subsequently arrested. Accepting these allegations as true for purposes of this motion, the subsequent (or second) arrest to which plaintiff alludes in his complaint is the arrest based on the outstanding warrant, a lawful arrest. Consequently, at worst, plaintiff was threatened with a lawful arrest pursuant to a valid warrant, a threat that cannot give rise to an assault and battery claim.

Plaintiff's abuse of process claim is equally specious. Plaintiff's second arrest was based on a valid, outstanding felony warrant that ultimately led to plaintiff's guilty plea. A valid warrant followed by a guilty plea bar any claim for abuse of process because plaintiff cannot prove any act in the process that was improper in the regular prosecution of the proceeding. <u>See</u>, <u>Bonner</u>, <u>supra</u>. Accordingly, plaintiff's abuse of process claim fails.

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

**C. The Third Arrest**

Plaintiffs' Complaint allegations establish that any claims premised on the alleged "third" arrest are against Defendant Taggert [sic] only. (See Plaintiffs' Complaint, paragraph 14, attached as Exhibit R.) Plaintiff does not plead any facts in support of a claim against Lt. Petersen based on this alleged third arrest. Accordingly, plaintiffs have failed to even plead a claim against Lt. Petersen

premised on this third arrest.

Moreover, Lt. Petersen's affidavit establishes that he had no contact with plaintiff or his son at the time of this alleged third arrest. (See Affidavit attached as Exhibit F.) Lt. Petersen's affidavit and the dearth of allegations in plaintiffs' complaint compel dismissal of all claims against Lt. Petersen arising out of the third arrest.

**PLAINTIFFS' CONSTITUTIONAL CLAIMS AGAINST LT. PETERSEN ARE BARRED BY PLAINTIFFS' FAILURE TO SHOW EITHER A CONSTITUTIONAL VIOLATION OR THAT NO REASONABLE OFFICER WOULD HAVE CONCLUDED PROBABLE CAUSE EXISTED FOR PLAINTIFF'S ARREST WHERE PLAINTIFF WAS TENDING TO HIS MARIJUANA PLANTS IN PLAIN VIEW**

Plaintiff's constitutional claims against Lt. Petersen are also barred by the qualified immunity doctrine, which shields an officer from suit in a section 1983 claim if "a reasonable officer could have believed [plaintiff's] arrest to be lawful, in light of clearly established law and the information the [arresting] officers possessed." Hunter v Bryant, 502 U.S. 224, 227 (1991) (per curiam) (quoting Anderson v Creighton, 483 U.S. 635, 641 (1987). In analyzing a qualified immunity defense, a court must first determine whether the official's conduct constituted a violation of a constitutional right. Saucier v Katz, 121 S.Ct. 2151 (2001). If a violation of constitutional right is or could be established, then the court must determine whether the right was clearly established. The "relevant, dispositive inquiry . . . is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier, at 2156. If either inquiry is answered in the negative, the plaintiff's claims fail.

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

The determination of whether an officer is entitled to qualified immunity is a question of law. Anderson v Creighton, 483 U.S. 635, 639 (1987); Poe v Haydon, 853 F.2d 418, 425 (6th Cir. 1988). In deciding this issue, it is the "objective legal reasonableness of the officer's conduct, and not his or her subjective good faith, that is determinative. O'Brien v City of Grand Rapids, 23 F.3d 990, 999 (6th Cir.1994). The relevant inquiry is "whether a reasonable official in the defendant's position could have believed his conduct to be lawful, considering the state of laws that existed when the defendant took the challenged action." Poe, supra, at 423. Once defendant has shown that he was acting within the scope of his discretionary authority, plaintiff then bears the ultimate burden of proving that defendant is not entitled to qualified immunity. Wegener v Covington, 933 F.2d 390, 392 (6th Cir.1991).

Initially, as argued above, the existence of probable cause for plaintiff's arrest bars plaintiff's constitutional deprivation claim. Assuming however, that probable cause did not exist for plaintiff's arrest, and a constitutional violation could be found, Lt. Petersen is still entitled to qualified immunity for that alleged violation because "a reasonable officer could have believed [plaintiff's] arrest [and detention] to be lawful, in light of clearly established law and the information the [arresting] officers possessed." Hunter, supra, at 227, quoting Anderson v Creighton, 483 U.S. 635, 641 (1987). In particular, a reasonable officer could have believed that probable cause existed to arrest plaintiff based on plaintiff's actions in tending to his marijuana plants in plain view of the officers who were executing a valid search warrant.

As the United States Supreme Court recently recognized:

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

> Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause or exigent circumstances, for example, and in those situations courts will not hold that they have violated the Constitution. Saucier v Katz, 121 S.Ct. 2151, 2158, 531 U.S. 991; 150 L.Ed.2d 272 (2001) (emphasis added).

Furthermore, any doubts surrounding the issue of probable cause should be resolved in favor of the officers in the qualified immunity analysis. As Judge Suhrheinrich opined in LaBate v Butts, 673 F. Supp. 887 (E.D.MI.1987):

> if the presence of probable cause is merely questionable at the time of a warrantless arrest, a police officer should not be found liable under § 1983. Rather, liability should only result when there clearly was no probable cause at the time of the arrest. Id, at 892.

Accordingly, unless plaintiff can show that "there clearly was no probable cause at the time" of his arrest, a showing he cannot make, Lt. Petersen is entitled to qualified immunity based on his reasonable belief that probable cause existed for plaintiff's arrest on August 17, 1999.

L. . . & N . . AY
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

## CONCLUSION AND RELIEF REQUESTED

The undisputed existence of (i) probable cause to arrest plaintiff on August 17, 1999, (ii) a warrant for plaintiff's arrest on June 7, 2000, (iii) plaintiff's subsequent guilty plea to charges stemming from his arrests on August 17, 1999 and June 7, 2000 and (iv) Lt. Petersen's lack of involvement in any alleged third arrest compel the conclusion that no genuine issues of material act exist precluding summary judgment and that plaintiffs' claims against Lt. Petersen should be dismissed as a matter of law. Accordingly, on the basis of the above, Lt. Petersen respectfully requests that this Court enter an order dismissing plaintiffs' complaint in its entirety, with prejudice and awarding costs and attorneys fees to Lt. Petersen.

LEWIS & MUNDAY

A Professional Corporation

By: Darice E. Weber

David N. Zacks (P34192)
Darice E. Weber (P52084)
Attorneys for Def. Petersen
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

Dated: June 17, 2002

1998070.0052/348207

A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as Next Friend for ERIC TAYLOR, Jr.,

Plaintiffs,

vs.

CITY OF DETROIT, a Municipal Corporation, DETROIT POLICE LIEUTENANT PETERSON, in his individual and Official Capacity, DETROIT POLICE OFFICER TAGGERT, in his individual and Official Capacity, DETROIT POLICE OFFICER JOHN ROE, in his individual and OFFICIAL CAPACITY,

Defendants.

CASE NO. 01-CV-72626
HON. GEORGE CARAM STEEH
MAGISTRATE JUDGE SCHEER

FILED
'02 JUN 17 P4:41
U.S. DIST. COURT CLERK
EAST. DIST. MICH
DETROIT

DAVID A. ROBINSON P38754
ROBINSON RUSSELL, P.C.
Attorneys for Plaintiffs
28145 Greenfield Road, Suite 100
Southfield, MI 48076
(248) 423-7234

CORNELIUS PITTS P18930
Co-Counsel for Plaintiffs
3650 Penobscot Building
Detroit, MI 48226
(313) 964-0066

DAVID N. ZACKS (P34192)
DARICE E. WEBER (P52084)
Lewis & Munday, P.C.
Attorneys for Defendant Lieutenant Peterson
1300 First National Building
660 Woodward Avenue
Detroit, MI 48226-3531
(313) 961-2550

LESLIE D. COOPER P30857
Attorney for Defendant City
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226-3519
(313) 237-3013

Lewis & Munday
A Professional Corporation
Formerly Lewis, White & Clay, P.C.
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

**PROOF OF SERVICE**

STATE OF MICHIGAN ).
COUNTY OF WAYNE )SS

On the date below, I served via First Class Mail a copy of **Notice of Hearing, Lt. Peterson's Motion For Summary Judgment, Brief in Support of Lt. Peterson's Motion For Summary Judgment,** along with this **Proof of Service** to:

DAVID A. ROBINSON, ESQ.
ROBINSON RUSSELL, P.C.
28145 Greenfield Road, Suite 100
Southfield, MI 48076

CORNELIUS PITTS, ESQ.
3650 Penobscot Building
Detroit, MI 48226

LESLIE D. COOPER, ESQ.
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226-3519

I declare that the statements above are true to the best of my information, knowledge, and belief.

Kim M. Allen
KIM M. ALLEN

DATE: June 17, 2002
1998070.0052/348162

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED