UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as
Next Friend for ERIC TAYLOR, Jr.,

       Plaintiffs,

vs.

                            Case No. 01-72626
                            Hon. George Caram Steeh
CITY OF DETROIT, a Municipal      Magistrate Judge Scheer
Corporation, DETROIT POLICE LT.
PETERSEN, in his individual and Official
Capacity, DETROIT POLICE OFFICER
TAGGERT, in his individual and Official
Capacity, DETROIT POLICE OFFICER JOHN
ROE, in his individual and Official Capacity,

       Defendants.

---

| | |
|---|---|
| DAVID A. ROBINSON P38754 | CORNELIUS PITTS P18930 |
| ROBINSON RUSSELL, P.C. | Co-Counsel for Plaintiffs |
| Attorneys for Plaintiffs | 3650 Penobscot Building |
| 28145 Greenfield, Suite 100 | Detroit, MI 48226 |
| Southfield, MI 48076 | (313) 964-0066 |
| (248) 423-7234 | |
| | DAVID N. ZACKS (P34192) |
| LESLIE D. COOPER P30857 | DARICE E. WEBER (P52084) |
| Attorney for Defendant City | Lewis & Munday, P.C. |
| City of Detroit Law Department | Attorneys for Defendant Lt. Petersen |
| 1650 First National Building | 1300 First National Building |
| Detroit, MI 48226 | 660 Woodward Avenue |
| (313) 237-3019 | Detroit, MI 48226 |
| | (313) 961-2550 |

---

**LT. PETERSEN'S RESPONSE TO PLAINTIFFS'
MOTION TO ENFORCE ORDER FOR DISCOVERY ENTERED
OCTOBER 18, 2001 AND OTHER SANCTIONS UNDER FRCP 37
FOR FAILURE TO PROVIDE DISCOVERY PURSUANT TO RULE 26**

    1.    Lt. Petersen denies that plaintiffs' complaint was filed on July 2,

2001 because it was filed on April 2, 2001. Lt. Petersen admits plaintiffs'

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550



complaint alleges federal questions and that defendants removed the case in July 2001.

2.    Lt. Petersen admits plaintiffs improperly served combined discovery on defendants in July 2001 prior to any Rule 26 Conference.

3.    Lt. Petersen admits plaintiff filed a Motion to Compel on September 18, 2001 before any Rule 26 Conference had been held and while plaintiff's counsel knew that defendants' representation was switching from Dennis Burnett to Leslie D. Cooper at the City of Detroit Law Department.

4.    Lt. Petersen acknowledges that a hearing was held on October 11, 2001 and that an order was entered, but further states that he was not represented at this hearing because his counsel had no notice of the hearing.

5.    Lt. Petersen denies that he served incomplete responses and multiple objections on November 16, 2001. Instead, Lt. Petersen served complete responses and objections to plaintiffs' discovery in February 2002 and April 2002. Plaintiffs' contention that the objections are deemed waived is particularly repugnant in light of the parties' meeting on March 7, 2002, while Lt. Petersen had a motion pending to set aside the prior court order entered before any discovery conference had been conducted and without defense counsel's presence, but agreed to dismiss that motion based on counsel's agreement that defendants could provide responses to outstanding discovery and that no objections would be waived. In exchange for this agreement, counsel for Lt. Petersen allowed plaintiff to respond to overdue discovery and late requests to admit and agreed that plaintiffs' untimely responses to requests to admit would be

LEWIS & MURRAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 49226
(313) 961-2550

2

accepted in lieu of deeming the requests to admit admitted.

6.    Lt. Petersen admits that this Court dismissed plaintiffs' prior motion to enforce court order for discovery based upon plaintiffs' counsel failure to provide the required Statement of Unresolved Issues. Lt. Petersen agrees that counsel for the parties met on March 7, 2002, but denies that plaintiffs' counsel accurately summarized that conference in his March 10, 2002 correspondence purporting to memorialize the parties' agreement. Instead, plaintiffs' counsel's correspondence served only to memorialize counsel's desires, and not the agreement of the parties. Indeed, defense counsel sent a June 7, 2002 joint letter to plaintiff's counsel advising him of the misstatements and inaccuracies contained in his self-serving March 10, 2002 letter. (See Exhibit A.)

    Moreover, plaintiff's contention that defendants have failed to comply with the voluntarily production of the requested documents is disingenuous. Lt. Petersen has produced numerous documents in discovery in sharp contrast to the actions of plaintiff, who has refused to produce any documents and has claimed a Fifth Amendment privilege in response to numerous requests to admit, a privilege that hardly applies given plaintiff's prior guilty plea to the marijuana charges.

7.    Lt. Petersen has complied with his obligations following the parties' discovery conference. Instead, it is plaintiffs' counsel who has failed to comply with his obligations, failing to respond to requests to admit until long after the agreed-upon due date and only after counsel for Lt. Petersen sent at least two letters regarding the overdue responses and then claiming an inapplicable

3

privilege. (See Exhibit B.)  It is plaintiffs' counsel who has refused to produce his

client for a deposition, despite at least two prior commitments of a "firm" date for

such deposition.  Under the circumstances, sanctions are appropriate against

plaintiffs, not defendants.

Furthermore, contrary to plaintiffs' intimation, Lt. Petersen has responded

to plaintiff's affirmative defense interrogatories and expert interrogatories.

Indeed, Lt. Petersen had responded to both plaintiff's affirmative defense and

expert interrogatories even before the scheduled February hearing on plaintiff's

prior motion.

8.     Lt. Petersen denies that plaintiffs' counsel contacted counsel for Lt.

Petersen to seek concurrence in this Motion because it is not true.  Instead,

plaintiffs' counsel filed this motion in haste in a self-serving attempt to defend

himself against Lt. Petersen's Motion to Compel Plaintiff's Deposition and For

Other Sanctions after plaintiffs' counsel unilaterally and inexplicably cancelled the

deposition of plaintiff following his promise to produce plaintiff for a deposition, a

promise that was given in exchange for dismissal of a motion to compel.

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

4

WHEREFORE, Lt. Petersen respectfully requests that this Court enter an Order denying plaintiffs' motion in its entirety and awarding Lt. Petersen costs and attorney fees incurred in responding to this unsupported motion.

LEWIS & MUNDAY
A Professional Corporation

By: _Darice E. Weber_
David N. Zacks (P34192)
Darice E. Weber (P52084)
Attorneys for Defendant Petersen
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

Dated: June 26, 2002

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as
Next Friend for ERIC TAYLOR, Jr.,

        Plaintiffs,

vs.

CITY OF DETROIT, a Municipal
Corporation, DETROIT POLICE LT.
PETERSEN, in his individual and Official
Capacity, DETROIT POLICE OFFICER
TAGGERT, in his individual and Official
Capacity, DETROIT POLICE OFFICER JOHN
ROE, in his individual and Official Capacity,

        Defendants.

Case No. 01-72626
Hon. George Caram Steeh
Magistrate Judge Scheer

_____/

| | |
|---|---|
| DAVID A. ROBINSON P38754 | CORNELIUS PITTS P18930 |
| ROBINSON RUSSELL, P.C. | Co-Counsel for Plaintiffs |
| Attorneys for Plaintiffs | 3650 Penobscot Building |
| 28145 Greenfield, Suite 100 | Detroit, MI 48226 |
| Southfield, MI 48076 | (313) 964-0066 |
| (248) 423-7234 | |
| | DAVID N. ZACKS    (P34192) |
| LESLIE D. COOPER P30857 | DARICE E. WEBER  (P52084) |
| Attorney for Defendant City | Lewis & Munday, P.C. |
| City of Detroit Law Department | Attorneys for Defendant Lt. Petersen |
| 1650 First National Building | 1300 First National Building |
| Detroit, MI 48226 | 660 Woodward Avenue |
| (313) 237-3019 | Detroit, MI 48226 |
| | (313) 961-2550 |

_____/

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

## BRIEF IN SUPPORT OF LT. PETERSEN'S RESPONSE TO PLAINTIFFS' MOTION  TO ENFORCE ORDER FOR DISCOVERY ENTERED OCTOBER 18, 2001 AND OTHER SANCTIONS UNDER FRCP 37 FOR FAILURE TO PROVIDE DISCOVERY PURSUANT TO RULE 26

1

### INTRODUCTION

Contrary to plaintiffs' contention, this is not a case "among many where citizens are routinely arrested" or imprisoned without probable cause. Instead, plaintiff was arrested only after he was observed tending to his marijuana plants in plain view while the officers were properly on his property executing a valid search warrant. In other words, probable cause indisputably existed for plaintiff's arrest. Any doubt about this proposition is dispelled by plaintiff's November 14, 2000 guilty plea to the charge of manufacture and delivery of marijuana.

Plaintiff's contention that he "was not considered a suspect, but simply was thought to hold information on the death of Ms. Minella" intentionally ignores what plaintiff knows to be true – he did not "simply" hold information about Ms. Minella's death; he participated in the cover-up of the murder. Nevertheless, he was not arrested based on his actions as an accessory after the fact, but based on his actions in manufacturing marijuana in plain view.

Moreover, plaintiff's contention that the validity of an arrest based on a warrant  is vitiated by the "pretextual character of the arrest on a warrant" cannot be reconciled with the Supreme Court's holding in <u>Arkansas</u> v. <u>Sullivan</u>, 121 S. Ct. 1876 (2001), where the Court expressly rejected any attempt to find a constitutional violation based on an officer's subjective motivations if the officer had probable cause to arrest the subject.

Furthermore, plaintiff's citation to <u>Riverside</u> v <u>McLaughlin</u>, 500 U.S. 44 (1991) is mystifying in this case where plaintiff was <u>never</u> held for more than twenty-four hours without being released or arraigned on the warrant.

2

Plaintiff has no viable claim in this case, yet refuses to voluntarily dismiss his claims. Instead, plaintiff has pursued a course of conduct designed to dodge discovery by invoking the fifth amendment despite a prior guilty plea, refusing to respond to requests to admit based on the absence of a Rule 26 conference while simultaneously filing a motion to compel and obtaining an order compelling discovery against defendants in spite of the absence of the conference, agreeing to a deposition date for his client and then claiming a conflict shortly before the scheduled deposition, and obtaining dismissal of a motion to compel plaintiff's deposition by promising to produce plaintiff for a June 7, 2002 deposition, only to refuse to produce his client just hours before the deposition was scheduled to begin.

Indeed, the instant motion is not about defendants' failure to respond to discovery, a task Lt. Petersen has conscientiously performed, but instead represents plaintiffs' attempt to defend his inexcusable actions in giving a promise as an inducement for dismissal of a motion and then subsequently refusing to adhere to that promise.

### STATEMENT OF FACTS

This case arises out of the arrest of plaintiff on August 17, 1999, while the police were executing a valid search warrant at plaintiff's house and found plaintiff trimming several large marijuana plants in his backyard, in plain view of the officers. While investigating the murder of Tracy Minella, Lt. Petersen obtained information from an informant that the suspected (and subsequently convicted) murderer, Louis Sock, with whom plaintiff associated, had stored the decedent's

3

body in the truck of a red Camaro before burning the body's remains. The informant advised Lt. Petersen that the Camaro was subsequently moved to 18950 Pelkey, the home of plaintiff Eric Taylor. Based on this and other information, Lt. Petersen obtained a Search Warrant for plaintiff's house. .

Lt. Petersen, Special Agent Potts and several officers from the Tactical Services Squad went to plaintiff's house around 10:30 a.m. on August 17, 1999 to execute the search warrant. When Lt. Petersen arrived, he observed plaintiff in his back yard, trimming his marijuana plants. Consequently, plaintiff was arrested and conveyed downtown and narcotics officers were notified.

While executing the search warrant, officers found various other drug paraphernalia inside plaintiff's house, including a scale trifle beam and a shotgun. A preliminary analysis of the marijuana confirmed it was marijuana. A subsequent laboratory analysis established the amount confiscated at 698 grams

While downtown, plaintiff was given the option of answering questions from Lt. Petersen about the murder of Tracy Minella; this questioning did not affect plaintiff's status as a person arrested for narcotics. While Lt. Petersen was questioning plaintiff, narcotics officers were working on an "in-custody" warrant for plaintiff regarding the marijuana. The next morning, Lt. Petersen obtained a statement from plaintiff regarding his knowledge of the murder.

Plaintiff admitted that he had worked on Sock's house on Hamburg to get it ready for renters and that he had smelled a decomposed body in October 1998. Plaintiff admitted Sock had contacted him the day before he smelled the decomposed body and asked him to help "clean up" the Hamburg house. Plaintiff

4

admitted that a person hired to clean up the Hamburg house told him that he had seen what appeared to be bones in a garbage can. Plaintiff admitted taking part in a conversation in which Sock's cohorts said they thought Sock had killed Tracy Minella and that Sock had asked for acid and fifty-five gallon drums. Plaintiff admitted learning from the renters at the Hamburg house that the Camaro had been moved and another car, a gray Cadillac, had been moved out of the garage.

Because plaintiff had cooperated in providing some helpful information about the murder and because he was not a suspect in the actual murder, it was decided that plaintiff would be released pending issuance of a not-in-custody warrant for the narcotics charge. Consequently, plaintiff was released at approximately 11:30 a.m. on August 18, 1999

On April 27, 2000, Sgt. White obtained a felony warrant for plaintiff's arrest for the delivery/manufacture of five to forty-five kilograms of marijuana. (See Warrant attached as Exhibit C.) On May 25, 2000, Lt. Petersen attempted to serve an investigative subpoena on plaintiff, but plaintiff refused to sign to acknowledge service. On June 7, 2000, plaintiff was arrested and arraigned on the outstanding warrant and a $5,000 personal bond was set. Plaintiff subsequently waived the preliminary examination and was bound over to circuit court on the charge of manufacturing/delivering five to forty-five kilograms of marijuana.

On November 14, 2000, plaintiff entered a conditional guilty plea to a reduced charge of manufacturing less than twenty plants of marijuana, a four-year felony. Plaintiff was sentenced to eighteen months probation. Although

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

5

plaintiff reserved his right to challenge the trial court's denial of his motion to suppress the evidence premised on alleged deficiencies in the search warrant and accompanying affidavit, plaintiff failed to perfect his appeal as of right.

Instead, when it became clear that his guilty plea would bar his civil action, plaintiff filed a *delayed* application for leave to appeal with the Michigan Court of Appeals on November 13, 2001, almost one year after entering his guilty plea. The delayed application was denied by the Court of Appeals for lack of merit on January 9, 2002. In a last ditch attempt to save his civil case, plaintiff filed another *delayed* application for leave to appeal with the Michigan Supreme Court on February 20, 2002.  The application remains pending.

Despite his guilty plea, plaintiff has inexplicably filed suit against the City of Detroit, Lt. Petersen and others alleging, *inter alia*, false arrest and imprisonment and constitutional violations.  While plaintiff now contends he was arrested solely because he was a witness, plaintiff argued otherwise in his criminal case, contending that "the circumstances suggest that this search warrant was not being sought in good faith as part of a murder investigation, but was a pretext for a drug investigation." (See p 4 of Defendants' Reply to People's Answer to Motion to Quash Search Warrant and to Suppress Evidence, attached as Exhibit D.)  Lt. Petersen has filed a motion for summary judgment; it has not yet been scheduled for hearing.[1]

---

[1] Plaintiff's anticipated reliance on the affidavits of former homicide officers Sergeant Kenneth Day and Gilbert McReynolds to defeat that motion is misplaced.  Neither Day nor McReynolds worked at the homicide section at the time of plaintiff's arrest.  Neither of the affiants has personal knowledge of the facts surrounding plaintiff's

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

6

## ARGUMENT

Initially, plaintiff's failure to attack or attach Lt. Petersen's responses to plaintiffs' combined discovery and his failure to specifically articulate any response by Lt. Petersen that is allegedly defective compel denial of plaintiffs' motion with respect to Lt. Petersen.[2]  Assuming, however, that plaintiffs will contend that Lt. Petersen's responses to plaintiffs' combined discovery are deficient in the manner in which they allege the City of Detroit's responses are deficient, Lt. Petersen responds as follows:

**Interrogatory No. 8:**

Plaintiffs have requested all disciplinary actions or proceedings against Lt. Petersen for the last ten years.  Lt. Petersen objects to this interrogatory because the information sought is not relevant and is otherwise privileged.  Plaintiffs do not need the requested information to prove their case and cannot show any relevance in a case in which it is undisputed that probable cause existed for plaintiff's arrest and that plaintiff subsequently pled guilty plea to the narcotics charge.  Consequently, plaintiff's request for disciplinary records should be denied.

---

arrest.  Neither of the affiants can refute the existence of probable cause for plaintiff's arrest.  Neither of the affiants can dispute the fact that plaintiff was arrested based upon probable cause to believe that he was manufacturing and delivering an excessive amount of marijuana.  Neither of the affiants can offer anything other than irrelevant anecdotal testimony.  Those facts, taken collectively, establish that plaintiffs' reliance on the affidavits to show any alleged illegal conduct in this case is misplaced and futile.

[2] Despite attaching a plethora of exhibits, plaintiffs have attached only the City of Detroit's responses to plaintiffs' combined discovery (Exhibit 3); they have not

7

**Interrogatory No. 9:**

Plaintiffs request a copy of Lt. Petersen's personnel file. Lt. Petersen provided the following non-privileged information from his personnel file:

| | |
|---|---|
| Appointment date: | January 18, 1987 |
| Original position: | Police officer 13th Precinct |
| Subsequent positions: | Homicide Section (1992 to 2000) |
| | 12th Precinct (2000 to present) |
| Promotions: | To Sergeant on July 6, 1995, |
| | To Lieutenant on June 9, 2000 |
| Current position: | Lieutenant, 12th Precinct. |
| Immediate supervisors: | 13th Precinct  --   Lt. Willie Johnson |
| | Homicide   --   Ins. William Rice |
| | Ins. Joan Ghougoian |
| | Ins. Tommy Alsten |
| | 12th Precinct --   Commander Cara Best |

Lt. Petersen objects to providing any additional information because the information requested is neither relevant nor admissible and is protected by various privileges, including Lt. Petersen's Fourteenth Amendment right to privacy as articulated in <u>Kallstrom</u> vs. <u>City of Columbus</u>, 136 F.3d 1055 (1998) and MCL 15.243. In <u>Kallstrom</u>, the Sixth Circuit concluded that the Fourteenth Amendment prohibits a City from disclosing certain personal information contained in a police officer's personnel file absent a showing that such disclosure "narrowly serves an

attached any responses by Lt. Petersen.

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

compelling state interest." Id. at 1059.

Although the Kallstrom Court based its holding, in large part, on the potential danger resulting from the disclosure of personal information to persons likely to seek revenge upon the officers, the rationale applies equally in this case, where plaintiff has a motive for revenge against Lt. Petersen based on the drug arrest.

Moreover, a provision allowing the exemption of the requested information from a public record request is contained in MCL 15.243, which provides, in pertinent part, that:

> (1)    A public body may exempt from disclosure as a public record under this act:
>
> (a)    Information of a personal nature where the public disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy;
>
> (t)    Unless the public interest in disclosure outweighs the public interest in nondisclosure in the particular instance, public records of a police or sheriff's agency or department, the release of which would do any of the following:
>
> > (iii)    Disclose the personal address or telephone number of law enforcement officers or agents ...
> >
> > (iv)    Disclose the name, address, or telephone numbers of family members, relatives, children or parents of law enforcement officers or agents.

Consequently, the statutory provisions recited, the potential constitutional dimensions surrounding disclosure of such information, and plaintiffs' failure to show a compelling need for the information through other means militate in favor

9

of denying plaintiff's request.

## Interrogatory No. 10:

Plaintiffs request information concerning any lawsuits that have been filed against Lt. Petersen within the last five years for <u>failure to prevent a jail suicide</u>. Lt. Petersen objects to this interrogatory because it is not relevant or reasonably calculated to lead to the discovery of relevant or admissible evidence because this case does not concern a failure to prevent a jail suicide. Instead, plaintiffs have alleged false arrest.

## Interrogatory No. 11:

Plaintiffs have requested written policies concerning securing witnesses for questioning by homicide investigators. Lt. Petersen referred plaintiffs to Detroit Police Department General Procedures, Volume 3, Chapter 9, Section 3.2. (See Exhibit E.) Lt. Petersen objected to the portion of the interrogatory that asked for "any charges made against any individually named defendant by internal administrative procedures, including the names and addresses of all complainants, the nature of the charges, the identity of the person administering the disciplinary procedure and the outcome" because it is not relevant and is privileged.

10

## Interrogatory No. 16:

Plaintiffs asked whether each individually named defendant has been questioned, interviewed or testified under oath in relation to any claims brought against you or a fellow officer for dragnet arrests of witnesses and homicide investigations or other critical file investigations. Lt. Petersen objected to this interrogatory because it asks for information protected from disclosure by the attorney-client privilege, the deliberative process privilege, law enforcement privilege and official information privilege. Nevertheless, without waiving those objections, Lt. Petersen said that he did not recall being deposed in a case alleging false arrest in connection with a homicide investigation.

## Request For Production No. 1:

Plaintiffs have requested a copy of the homicide file in the death of "LOUIE." Lt. Petersen believes plaintiffs are requesting the homicide file regarding the murder of Tracy Minella. Counsel for Lt. Petersen is in the process of redacting the non-privileged portions of homicide file regarding the homicide file and will produce a redacted copy of the non-privileged portions of the homicide file along with a privilege log.

## Request For Production No. 2:

Lt. Petersen has produced the following documents:

- August 17, 1999 Preliminary Complaint Report of Richard Novakowski;
- August 17, 1999 Activity Log (redacted) for Officers Novakowski and

11

Archambeau;

- August 17, 1999 Preliminary Complaint Report of Derrick Carter;

- August 17, 1999 Preliminary Complaint Report of Andrew White;

- August 17, 1999 Preliminary Complaint Report of Jonathan Parnell;

- August 17, 1999 Preliminary Complaint Report of Stephen Jackson;

- August 17, 1999 Investigator's Activity Log (redacted) for Officers Carter, Parnell, and Jackson;

- Request for Laboratory Service – Controlled Substances Only dated August 17, 1999'

- Laboratory Analysis completed on August 30, 1999;

- Search Warrant;

- Investigator's Report;

- Sgt. Peterson's August 17, 1999 Activity Log;

- August 18, 1999 statement of Eric Taylor;

- Eric Taylor's August 17, 1999 arrest card

- Eric Taylor's June 7, 200 arrest card;

- Photographs of the marijuana plaintiff was tending to at the time of his arrest

Lt. Petersen does not have a copy of any alleged arrest report by "Taggert" and thus cannot produce a copy of same.


**Request For Production No. 8:**

Plaintiffs have requested a copy of the Homicide Standard Operating Procedures. Lt. Petersen objects to this request because it asks for information that

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

12

is not within Lt. Petersen's custody or control and to the extent the information requested is protected from disclosure by the investigative or law enforcement privilege.

**Request For Production No. 9:**

Plaintiffs have requested  miscellaneous files in the investigation into the death of "LOUIE." Lt. Petersen believes plaintiffs are referring to the investigation into the murder of Tracy Minella and has agreed to produce a redacted copy of the non-privileged portions of the homicide file, along with the privilege log.

**Request For Production No. 10:**

Plaintiffs have requested blotter entries for the arrest of plaintiff.  Lt. Petersen objects to the request for blotter entries for the arrest of plaintiff, including phone logs, feeding logs, visit logs and any other logs because such information is not within the custody or control of Lt. Petersen.

**Request for Production Nos. 11 and 12:**

Plaintiffs have requested homicide files concerning the arrests of various named persons and the murder of other persons.  Lt. Petersen objects to those requests because they ask for information that is not within the custody or control Lt. Petersen, who is not the keeper of the records of the homicide department.   In addition, Lt. Petersen objects to the requests to the extent that they ask for information concerning ongoing homicide investigations because such information

13

is protected is protected from disclosure by the investigative or executive privilege. Lt. Petersen also objects to the requests because they ask for information that is not relevant or likely to lead to the discovery of relevant or admissible evidence in a case where plaintiff's arrest was indisputably based on probable cause.

**Requests to Admit:**

Plaintiff's position with respect to the requests to admit is both disingenuous and deceitful. Initially, the parties agreed during their March 7, 2002 conference that the requests to admit could be answered and would not be deemed untimely or admitted. Plaintiffs' counsel purposefully omitted this part of the agreement from his letter purporting to memorialize the conference. (See joint letter sent by defense counsel attached as Exhibit A.) This is yet another example of plaintiffs' counsel's refusal to keep his word in this case (as with his promise to produce his client for a deposition).

Additionally, plaintiffs' counsel neglects to mention that this agreement was based, in part, on counsel for Lt. Petersen's agreement to let plaintiffs respond to requests to admit that were months overdue. Plaintiffs' counsel also neglects to mention that it was only after the parties reached this agreement that Lt. Petersen withdrew his previous motion to set aside this Court's October 2001 discovery order. Finally, plaintiffs' counsel purposefully omits the fact that he failed to serve responses to requests to admit by the date agreed upon at the March 7, 2002 conference and that counsel for Lt. Petersen had to send several additional

14

letters in an attempt to get responses to the requests. (See Exhibit B.)  For all of these reasons, plaintiffs' position with respect to the requests to admit is untenable.

As is evident from the above, Lt. Petersen has fully and thoroughly responded to plaintiffs' discovery requests.  Lt. Petersen has produced numerous documents concerning plaintiff's August 17, 1999 arrest, and some documents concerning plaintiff's June 7, 2000 arrest, an arrest in which Lt. Petersen was not even involved.  Plaintiffs' contention that the records provided by the defendants are "deliberately incomplete so as to avoid admission of the wrongful detention" is belied by analysis of the records produced by the defendants, including Lt. Petersen. It is plaintiffs' counsel's conduct, and not the conduct of the defendants, that is in contravention to both the express provisions and the spirit of the Federal Rules of Civil Procedure.  Accordingly, plaintiffs' Motion should be denied.

<div align="center" style="margin-left:auto;">

LEWIS & MUNDAY
A Professional Corporation


By: _Darice E. Weber_
David N. Zacks (P34192)
Darice E. Weber (P52084)
Attorneys for Defendant Peterson
1300 First National Building
Detroit, Michigan 48226
(313) 961-2550

</div>

Dated: June _26_, 2002

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226
(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC TAYLOR and ERIC TAYLOR as
Next Friend for ERIC TAYLOR, Jr.,

        Plaintiffs,

vs.

CITY OF DETROIT, a Municipal
Corporation, DETROIT POLICE
LIEUTENANT PETERSON, in his individual
and Official Capacity, DETROIT POLICE
OFFICER TAGGERT, in his individual and
Official Capacity, DETROIT POLICE OFFICER
JOHN ROE, in his individual and OFFICIAL
CAPACITY,

        Defendants.

CASE NO. 01-CV-72626
HON. GEORGE CARAM STEEH
MAGISTRATE JUDGE SCHEER

/

| | |
|---|---|
| DAVID A. ROBINSON P38754<br>ROBINSON RUSSELL, P.C.<br>Attorneys for Plaintiffs<br>28145 Greenfield Road, Suite 100<br>Southfield, MI 48076<br>(248) 423-7234 | CORNELIUS PITTS P18930<br>Co-Counsel for Plaintiffs<br>3650 Penobscot Building<br>Detroit, MI 48226<br>(313) 964-0066 |
| DAVID N. ZACKS   (P34192)<br>DARICE E. WEBER  (P52084)<br>Lewis & Munday, P.C.<br>Attorneys for Defendant<br> Lieutenant Peterson<br>1300 First National Building<br>660 Woodward Avenue<br>Detroit, MI 48226-3531<br>(313) 961-2550 | LESLIE D. COOPER P30857<br>Attorney for Defendant City<br>City of Detroit Law Department<br>1650 First National Building<br>Detroit, MI 48226-3519<br>(313) 237-3013 |

/

LEWIS & MUNDAY<br>A PROFESSIONAL CORPORATION<br>FORMERLY LEWIS, WHITE & CLAY, P.C.<br>1300 FIRST NATIONAL BUILDING<br>DETROIT, MICHIGAN 48226<br>(313) 961-2550

## PROOF OF SERVICE

STATE OF MICHIGAN    ).
COUNTY OF WAYNE      )SS

On the date below, I served via First Class Mail a copy of **Lt. Peterson's Response to Plaintiffs' Motion to Enforce Order For Discovery Entered October 18, 2002 and Other Sanctions Under FRDP 37 for Failure to Provide Discovery Pursuant to Rule 26, Brief in Support of Response,** along with this **Proof of Service** to:

DAVID A. ROBINSON, ESQ.              CORNELIUS PITTS, ESQ.
ROBINSON RUSSELL, P.C.               3650 Penobscot Building
28145 Greenfield Road, Suite 100     Detroit, MI 48226
Southfield, MI 48076

LESLIE D. COOPER, ESQ.
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226-3519

I declare that the statements above are true to the best of my information, knowledge, and belief.

*Kim M. Allen*

KIM M. ALLEN

DATE:   June 26, 2002
1998070.0052/348162

LEWIS & MUNDAY
A PROFESSIONAL CORPORATION
FORMERLY LEWIS, WHITE & CLAY, P.C.
1300 FIRST NATIONAL BUILDING
DETROIT, MICHIGAN 48226

(313) 961-2550

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED